UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                      )
SANDRA L. HERFORTH,                   )
                                      )
        Plaintiff,                    )        CIVIL ACTION
                                      )        NO. _____
                                      )        [Removed from Middlesex
v.                                    )        Superior Court, Commonwealth
                                      )        of Massachusetts, Civil Action
FORD MOTOR CREDIT                     )        No. 10-03543-J]
COMPANY LLC,                          )
                                      )
        Defendant.                    )
                                      )
_____ )


## NOTICE OF REMOVAL

Defendant Ford Motor Credit Company LLC ("Ford Credit") hereby

removes the above-captioned action from the Middlesex Superior Court,

Commonwealth of Massachusetts, to this Court, reserving all rights and

defenses, and showing the following grounds for removal:

1.      On October 13, 2010, Ford Credit was served with the complaint

in this action. There are no other defendants.

2.      This Notice of Removal has been filed within 30 days of the date

of such service on Ford Credit.

9944634.1

3.      As the complaint alleges, this action is between citizens of different states.  Plaintiff is a citizen of the Commonwealth of Massachusetts. Ford Credit is a Delaware limited liability company with its principal place of business in Michigan.  The sole member of Ford Motor Credit Company LLC is Ford Holdings, LLC, a Delaware limited liability company.   The sole member of Ford Holdings, LLC is Ford Motor Company.   Ford Motor Company is a Delaware corporation with its principal place of business in Michigan.

4.      The complaint seeks certification of a class action as defined in 28 U.S.C. §1332(d)(1)(B), and the complaint defines the proposed class as follows:

[A]ll Massachusetts residents who, since June 24, 2004:

(a) have or had a [retail installment sales contract] held by [Ford Credit];

(b) had their motor vehicle repossessed in Massachusetts by [Ford Credit] or its agents and:

        (i) were sent a post-repossession notice or notice of right to cure, or post sale notice which describes the borrower's liability for a deficiency as the difference between the amount obtained at the sale and the amount owed on the contract.

        (ii) were sent a post sale notice which states a deficiency balance calculated upon the difference between the amount realized upon sale of the repossessed vehicle and the full amount owing under the contract, instead of the difference between the

outstanding debt and the vehicle's fair market value.

(c) have not obtained a discharge in bankruptcy applicable to any
such [retail installment sales contract].

(Complaint ¶ 38.)

5.      Plaintiff cites as examples of the post-repossession notices,

notices of right to cure, and post-sale notices referred to in her proposed class

definition the notices attached as Exhibits B, C and D to her complaint.

(Complaint ¶¶ 34, 35, 36.)

6.      Exhibit B to the complaint, entitled "Rights of Defaulting Buyer

Under the Massachusetts Motor Vehicle Installment Sales Act," includes the

following form number, date, and legend in the lower left corner:  "FFNA

11986-20 08/07  Previous editions may NOT be used."  (Complaint Ex. B.)

According to Ford Credit's business records the form was approved for use in

August 2007 and has not been superseded.  (Declaration of Arnold Joseph

Rios ("Rios Dec.") ¶ 4.)[1]  Ford Credit procedures require that from August

2007 forward this form of notice be sent to defaulting retail customers in

Massachusetts.  *(Id.)*

7.      Exhibit C to the complaint, entitled "Notice of Our Plan to Sell

Property," includes the following form number, date, and legend in the lower

---

[1] The Declaration of Arnold Joseph Rios is attached hereto as Exhibit 1.

left corner:  "FFNA 11988-20 Jan 02  Previous editions may NOT be used."

(Complaint Ex. C.)  According to Ford Credit's business records the form was

approved for use in January 2002 and has not been superseded.  (Rios Dec.

¶ 5.)  Ford Credit procedures require that from January 2002 forward this form

of notice be sent to Massachusetts retail customers whose vehicles are

repossessed.  (*Id.*)

      8.     Exhibit D to the complaint, entitled "Statement of Sale," includes

the following form number, date, and legend in the lower left corner:  "FFNA

11990 01/04 Previous editions may NOT be used."  (Complaint Ex. D.)

According to Ford Credit's business records, the form was approved for use in

January 2004.  (Rios Dec. ¶ 6.)  (The form was changed in December 2009,

but that change is unrelated to the claims included in Plaintiff's complaint.

(*Id.*))  Ford Credit procedures require that from January 2004 forward, the

form attached as Exhibit D to the complaint, or the form as revised in

December 2009, be sent to Massachusetts retail customers whose vehicles are

repossessed and sold.  (*Id.*)

      9.     The number of members of the proposed plaintiff class is not less

than 100.  Ford Credit's business records include more than 1,100

Massachusetts customers with (i) retail installment contracts held by Ford

Credit; (ii) repossessions during the period October 1, 2007 through

September 30, 2010; (iii) deficiencies owed to Ford Credit following

repossession; and (iv) no record of a discharge of the debt in bankruptcy as of

September 30, 2010.  (Declaration of David Cutler ("Cutler Dec.") ¶ 3.)[2]  The

actual number of putative class members exceeds 1,100, as Plaintiff's

proposed class definition begins in June 2004 and the data described above

includes only customers with repossessions after October 1, 2007, that is, two

months after the form attached as Exhibit B to the complaint was approved for

use.

10.    The amount in controversy in this action exceeds $5 million

exclusive of interest and costs.  Plaintiff seeks, among other things, "statutory

damages for each class member pursuant to UCC § 9-625(c)(2) in the amount

of the finance charge plus ten percent of the principal amount of the obligation

applicable to that class member's contract."  (Complaint, Prayer for Relief, ¶

D.)  According to Ford Credit's business records the sum of the original

finance charges for the customers described in Paragraph 9 *infra* exceeds $7

million.  (Cutler Dec. ¶ 5.)

11.    The $7 million figure understates the actual amount in

controversy.  First, as discussed in Paragraph 9 *infra*, the group of customers

corresponding to the $7 million figure is narrower than the class defined in the

---

[2] The Declaration of David Cutler is attached hereto as Exhibit 2.

complaint.  Further, the amount in controversy in this action includes not only

the sum of the original finance charge to putative class members – which itself

exceeds $7 million – but also "ten percent of the principal amount of [each

class member's] obligation" (Complaint, Prayer for Relief ¶ D) and "statutory

damages for each sub-class member pursuant to UCC § 9-625(e)(5) in the

amount of $500" (Complaint, Prayer for Relief ¶ E).

12.    The Court has subject matter jurisdiction of this action pursuant

to 28 U.S.C. §1332(d)(2) in that this is a purported class action in which the

matter in controversy exceeds the sum of $5,000,000, exclusive of interest and

costs, and members of the alleged plaintiff class are citizens of a state different

from that of Ford Credit.

13.    This action is properly removable to this Court under 28 U.S.C.

§1453.

14.    Attached hereto as Exhibits 3-6 are copies of all process,

pleading and other documents served to date in this action.

/s/ Michael E. Hager
Michael E. Hager
BBO No. 216460
11 Beacon Street (Suite 1200)
Boston, MA 02108-3016
(617) 723-7133
mehager75@hotmail.com

Of counsel:

Thomas M. Byrne
Valerie S. Sanders
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309
(404) 853-8000
tom.byrne@sutherland.com
valerie.sanders@sutherland.com

9944634.1                                    7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was today

served on counsel of record by U.S. Mail and by e-mail, addressed as follows:

> Ms. Elizabeth Ryan
> Roddy Klein & Ryan
> 727 Atlantic Avenue (2nd Floor)
> Boston, MA 02111
>
> ryan@roddykleinryan.com

This 18th day of October, 2010.

> /s/ Michael E. Hager
> Michael E. Hager
> BBO No. 216460
> 11 Beacon Street (Suite 1200)
> Boston, MA 02108-3016
> (617) 723-7133
> mehager75@hotmail.com

9944634.1